UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTO-OWNERS INSURANCE COMPANY,

    Plaintiff,

Case No.

Hon.

v

ROBERT CATALANO, by and through
his Guardian and Conservator,
CAROLYN CATALANO,

    Defendant,

---

## COMPLAINT FOR DECLARATORY RELIEF

NOW COMES the Plaintiff, AUTO-OWNERS INSURANCE COMPANY ("Auto-Owners"), by and through its attorneys, GARAN LUCOW MILLER, P.C., and hereby seeks a declaratory judgment against Defendant Robert Catalano, by and through his Guardian and Conservator Carolyn Catalano, and by way of Complaint, stating as follows:

### INTRODUCTION

1. This is an action seeking declaratory judgment pursuant to 28 U.S.C. § 2201 for a judicial determination and declaration as to the parties' respective rights and obligations under the Michigan No-Fault Act with regard to the reasonableness and

1

necessity of items included in Defendant Robert Catalano's claim for housing modifications to accommodate Defendant's accessibility needs due to a June 7, 2019 motor vehicle accident.

2. Specifically, Auto-Owners is requesting that the Court make a determination that:

>   (i) Items unrelated to Robert Catalano's accessibility needs for ordinary, everyday products, services, or accommodations, but would instead add aesthetic upgrades and equity to the Defendant's home, are not allowable expenses as defined by MCL 500.3107;
>
>   (ii) To the extent any modifications completed at Defendant's expense add significant value and equity to the Defendant's home, Plaintiff is entitled to maintain a security interest in the home consistent with the Michigan Court of Appeals holding in *Payne v Farm Bureau Insurance,* 263 Mich App 521 (2004);

3. Auto-Owners seeks a ruling by this Court that Auto-Owners has no obligation to remit payment under the No-Fault Act for, (a) expenses for ordinary, everyday products, services, or accommodations that have no relationship to Robert Catalano's accessibility needs, including, but not limited to, the construction of a 1,224 square foot home addition that is not reasonable or necessary for his care,

2

recovery or rehabilitation; and (b) housing modifications that do not utilize and reflect the least expensive, adequate means to meet Plaintiff's statutory obligation under MCL 500.3107(1).

## JURISDICTION AND VENUE

4. Plaintiff, Auto-Owners Insurance Company (hereinafter referred as "Auto-Owners"), is a licensed Michigan No-Fault insurance company that transacts business in Lapeer County, Michigan.

5. Defendant Robert Catalano is an individual residing at 2451 Louise Drive, Lapeer, Michigan 48446.

6. Auto-Owners has become obligated to pay Michigan no-fault insurance benefits for Robert Catalano's care, recovery and rehabilitation, including benefits for housing modifications pursuant to a policy of automobile insurance and MCL 500.3101, *et seq.* of the Michigan Automobile No-Fault Insurance Act by virtue of an accidental bodily injury that Robert Catalano sustained in a motor vehicle accident on June 7, 2019.

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States, specifically 28 U.S.C. § 2201 governing declaratory judgments because this action will settle the controversy and clarify Auto-Owners' obligations under the relevant

policy of insurance and MCL 500.3101, *et seq.* of the Michigan Automobile No-Fault Insurance Act.

8. Venue is proper in the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 102(a)(1) because the events giving rise to this lawsuit occurred in Mayfield Township, County of Lapeer, State of Michigan.

## COUNT I- DECLARATORY JUDGMENT

9. Auto-Owners incorporates by reference the allegations in paragraphs one through eight as if fully set forth herein.

10. On June 7, 2019, Defendant Robert Catalano sustained severe and debilitating injuries in a motor vehicle accident.

11. Robert Catalano resides in a home commonly known as 2451 Louise Drive, Mayfield Township, Lapeer, Michigan owned by his spouse Carolyn Caralano by virtue of a Quit Claim Deed recorded October 9, 2019 in Liber 03052, Page 00094 of the Lapeer County Register of Deeds (hereinafter the "home").

12. According to Lapeer County records, the home has an assessed/state equalized value of $141,700.00 and true cash value of $283,400.00.

13. On June 7, 2019, an Occupational Therapy Home Evaluation was completed by Debra McGinnis, OTR, wherein recommendations were made for modifications

to the home that Ms. McGinnis opined are reasonably necessary for Robert Catalano's care, recovery and rehabilitation, including:

    a) Installation of ADA-compliant ramp at front egress. (completed in January 2019).

    b) Garage to accommodate a modified vehicle

    c) Wheelchair wash down area in garage.

    d) Vertical platform lift or wheelchair ramp at garage entrance to home.

    e) New addition to be built onto main floor of home including wheelchair accessible bathroom/bedroom with wheel-in shower, long handled shower head, and 5' turning radius.

    f) Installation of ceiling mounted lift system from bedroom to bathroom.

    g) Installation of heat lamp in the bathroom.

    h) New exercise room to be included in home addition with standing frame and FES bike.

    i) Emergency egress on new bedroom

    j) Vertical platform lift into basement for use as a storm shelter and to provide access to recreational activities in this level.

    k) Installation of an emergency egress window in basement.

    l) Removal of carpet and installation of smooth flooring in basement for wheelchair mobility.

    m) Generator for lift system and feeding pump in the event of a power outage.

14. In response to the recommendations from Ms. McGinnis, the Defendant retained Cornerstone Design ("Cornerstone") at a rate of $130.00 per hour to prepare architectural drawings for the recommended modifications.

15. Cornerstone invoiced Plaintiff for the design drawings at a cost of $16,154.12 to date plus auto mileage, including an invoice for 23.50 hours of additional work allegedly completed in August 2021 to revise the original drawings.

16. The final plans submitted to Plaintiff for Defendant's housing modifications included a proposed addition onto the home consisting of 1,224 square feet, and a new 665 square foot garage, bringing the total square footage of the home from 1,368 square feet to 3,257 square feet.

17. The plans submitted to Plaintiff by Cornerstone included a large family room expansion, a new double sided fireplace, a new deck to be constructed around the entire rear perimeter of the home, expansion of a finished basement underneath the new home addition, screened porch, secondary driveway and parking.

18. The proposed design for Defendant's housing modifications was submitted to contractor Barrier Free Plus for the purpose of providing a bid.

19. On or about October 6, 2020, Defendant obtained a bid from Barrier Free Plus for the home modifications based on the Cornerstone design in the amount of $482,028.67, plus additional durable medical equipment totaling $36,443.67.

20. On September 18, 2020, Defendant, through his counsel, submitted a bid and contract signed by Carolyn Catalano with Barrier Free Plus to construct an accessible bathroom in the Defendant's residence at a cost of $21,748.38.

21. Plaintiff issued payment to Carolyn Catalano for the full $21,748.38 cost of the bathroom modifications and upon information and belief, the construction work on the Defendant's bathroom is complete.

22. On or about February 23, 2021, Defendant obtained a second bid from contractor William Barraco at Black Wood Construction Group to complete the modifications based on the Cornerstone Design for $531,682.21, including the cost of the durable medical equipment.

23. Defendant intends to move forward with the second bid from Black Wood Construction Group but upon information and belief, Defendant has not incurred any allowable expenses with respect to this bid to date.

24. On June 2, 2020, Plaintiff requested a review and analysis of the Cornerstone Plans by Occupational Therapist Diane Bright and Chris O'Regan at CAMO Estimating to prepare an alternative design that would provide a reasonable, functional space to accommodate Defendant's accessibility needs.

25. Plaintiff determined that the projected cost of the alternative design was approximately $304,932.12, $226,750.09 less than the projected cost of the Cornerstone design.

26. The Cornerstone design, and corresponding bids for Defendant's housing modifications included improvements to the home that were not recommended by the Occupational Therapist and were not reasonably necessary for Robert Catalano's function in the home.

27. Since the Cornerstone design includes improvements to the home with no relationship to Defendant's accessibility needs, the architectural costs billed by Cornerstone are not allowable expenses under the no-fault act.

28. Specifically, the following items in the Cornerstone design and bid are not considered allowable expenses:

   a. Expansion of the existing family room with a new two-sided fireplace
   b. New wrap around wooden deck.
   c. The construction of a new second bathroom with granite countertops when Plaintiff previously modified an existing bathroom in the home for Defendant.
   d. 1,224 square foot home addition when Defendant's accessibility needs can be accommodated in a smaller space
   e. Expansion of a finished basement underneath the home addition

  f. Screened porch

  g. New secondary two-stall garage, secondary driveway and parking area when use of the existing garage space is feasible.

29. MCL 500.3107(1)(a) permits an injured person to recover personal injury protection (PIP) benefits from an insurer for "[a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation."

30. As a result of the statutory language in MCL 500.3107, a claimant can recover as an allowable expense the charge for a product, service, or accommodation that has the object or purpose of effectuating the injured person's care, recovery or rehabilitation. An ordinary, everyday expense cannot have the object or purpose of effectuating an injured person's care, recovery or rehabilitation because it is incurred by everyone whether injured or not. *Admire v Auto-Owners Insurance Company,* 494 Mich 10; 831 NW2d 849 (2013).

31. The Michigan Supreme Court in *Admire* described the classification of allowable expenses as "combined" or "integrated" for purposes of evaluating an insurer's responsibility for payment of product, services, or accommodations necessary for the claimant's care, recovery, or rehabilitation. A "combined" product or accommodation results from an ordinary expense, unchanged as a result of the injury, being joined with an accommodation or product that is actually *for* the

9

injured person's care, recovery, or rehabilitation. An "integrated" product or accommodation involves the blending of an ordinary expense with one that is for the injured person's care, recovery, or rehabilitation in a way that the resulting product or accommodation cannot be separated easily into unit costs. *Unlike an integrated product or accommodation, a combined product or accommodation can be separated easily, both conceptually and physically, so that the fact-finder can identify which costs are of a new character and are thus* for *the injured person's care, recovery, or rehabilitation and which costs are ordinary, everyday expenses that are unchanged after the accident.*

32. Furthermore, Plaintiff is permitted to choose the least expensive, adequate means to meet its statutory obligations under the No-Fault Act, with cost containment measures benefiting the no-fault system as a whole.

33. The modifications to Defendant's home for the construction of a 1,224 square feet home addition and a new 665 square foot garage, bringing the total square footage of the home from 1,368 square feet to 3,257 square feet, are not allowable expenses under MCL 500.3107(1)(a) when the occupational therapist's recommendations for modifications to the home can be accomplished using the existing home and garage space, and aesthetic improvements to the home unrelated to Defendant's accessibility needs are otherwise ordinary expenses of the same essential character as the Defendant would have incurred regardless of injury.

34. The home modifications requested by Defendant based on the Cornerstone design do not represent the most cost effective, adequate means, of accomplishing reasonable modifications to the home necessary for Defendant's care, recovery and rehabilitation.

35. Based on the foregoing, only allowable expenses for Defendant's care, recovery, and rehabilitation- separable elements that actually represent a change in character from Defendant's general preinjury housing requirements- are required to be compensated pursuant to MCL 500.3107(1)(a).

36. The statutory language of MCL 500.3107 does not require an insurer to add value, equity or aesthetic improvements to Defendant's home when the home's value has no relationship to Defendant's care, recovery or rehabilitation.

37. Auto-Owners does not have a statutory or contractual obligation to compensate Defendant for improvements to Defendant's home that will not improve Defendant's accessibility or functional status, even if these improvements are co-mingled with modifications actually recommended by the Occupational Therapist.

38. An actual controversy exists between Auto-Owners and Defendant over whether the proposed new 1,224 square foot home addition, and a new 665 square foot garage are reasonable and necessary for Defendant's care, recovery, and rehabilitation, and whether Auto-Owners has an obligation to make payment in whole or in part in response to Defendant's demand that Auto-Owners, including the

cost of architectural drawings billed to date. This Court's ruling is therefore necessary to resolve the controversy.

WHEREFORE, Plaintiff AUTO-OWNERS INSURANCE COMPANY, respectfully requests that this Honorable Court grant the following relief:

A. Enter an Order declaring that the design and bid for Defendant's proposed home addition includes items unrelated to Robert Catalano's accessibility needs for ordinary, everyday products, services, or accommodations that are not allowable expenses as defined by MCL 500.3107;

B. Enter an Order declaring that Plaintiff is permitted to determine the most cost effective, adequate means to meet its statutory obligation under the no-fault act for Defendant's housing modifications.

C. Enter an order declaring that to the extent any modifications completed at Defendant's expense add significant value and equity to the Defendant's home, Plaintiff is entitled to maintain a security interest in the home consistent with the Michigan Court of Appeals holding in *Payne v Farm Bureau Insurance,* 263 Mich App 521 (2004); and

D. Enter an Order declaring that Auto-Owners shall not be responsible for any increased costs for architectural plans, revision(s) to the bid or design that may be required as a result of this Court's order.

E.  Such further and other relief, legal and equitable, as this Honorable Court deems just.

        Respectfully submitted,

        GARAN LUCOW MILLER, P.C.

        /s/Courtney Krause
        Courtney A. Krause
        Attorney for Plaintiff
        1155 Brewery Park Blvd. Ste 200
        Detroit   MI   48207
        (313) 446-5522
        ckrause@garanlucow.com
        P70581

Dated: November 1, 2021